# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Channack Keam, ) | |
| ) | Civil Action No. 6:16-cv-03245-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Channack Keam ("Petitioner") filed this pro se action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The matter is before the court for review of the Magistrate Judge's Report and Recommendation, filed on July 13, 2017, recommending that this court grant Respondent's Motion for Summary Judgment and deny the Petition (ECF No. 24.) For the reasons set forth below, the court **ACCEPTS** the Report and Recommendation (ECF No. 24), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 13), and **DISMISSES** the Petition (ECF No. 1).

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. Thus, the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's Recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file specific written objections to the Report and Recommendation within 14 days of the date of service. (ECF No. 24 (citing Federal Rule of Civil Procedure 6 or Federal Rule of Criminal Procedure 45).) Petitioner filed an unsigned and untimely objection on August 4, 2017,[1] which the court reviews for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a thorough review of the record, the court finds the Report and Recommendation provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Report and Recommendation (ECF No. 24). The Respondent's Motion for Summary Judgment (ECF No. 23) is **GRANTED**, and Petitioner's Petition (ECF No. 1) is **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

August 17, 2017
Greenville, South Carolina

---

[1] The Report and Recommendation was served on Petitioner when the clerk's office placed it in the mail on July 13, 2017. (*See* ECF No. 25); Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing . . . ."). Thus, Petitioner's objections were due on or before July 31, 2017. *See* Fed. R. Civ. P. 6(a) (providing applicable rules for computing time period); Fed. R. Civ. P. 6(d) (providing three additional days to period "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)" by mail). Because Petitioner is a prisoner, he is afforded the benefit of the mailbox rule under *Houston v. Lack*, 487 U.S. 266, 276 (1988). Under the mailbox rule, Petitioner's objections were filed August 4, 2017. Although his objections were received and filed, they were not in compliance with Rule 6(a) and not filed timely. Pursuant to Federal Rule of Civil Procedure 11(a) "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Accordingly, even though the Clerk's Office filed Petitioner's objections and noted the Rule 11(a) deficiency, the court finds that Petitioner filed his objection after the period for doing so expired and therefore it was an untimely filing regardless of the lack of signature.